**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TERRY SMITH,**

           **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-1433-Orl-19DAB**

**WHITE STALLION PRODUCTIONS,**
**INC., GARY LASHINSKY, ELIZABETH**
**LASHINSKY,**

           **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on counsel's representations at the hearing on February 12, 2008 and the parties' Joint Statement (Doc. No. 32), Plaintiff was employed by Defendants as a maintenance worker and barn help at a horse arena. Doc. No. 26. The settlement to Plaintiff of $3,250 in unpaid wages and liquidated damages represents the full overtime amount Plaintiff sought. Plaintiff initially sought $3,012.50 for overtime (instead of straight time) of 10 hours per week for 13 weeks at $8.75 per hour extra, or $1,137.50; and overtime of 10 hours per week for 25 weeks at $7.50 per hour extra, or $1,875.00; for a grand total of $3,012.50; plus liquidated damages in the same amount. Doc. Nos. 26, 32. Defendants averred that, assuming Plaintiff was an employee (which was a disputed issue), he was only entitled to approximately $657.00 in overtime based on their business records, which showed that Plaintiff had only worked a total of approximately 86 hours of overtime, not the 380 hours that Plaintiff alleged. Doc. No. 32. Prior to this litigation, Plaintiff's request for unemployment compensation was denied by the Florida Agency for Workforce Innovation, Unemployment Compensation Program and Florida Department of Revenue because it determined that he was an independent contractor excluded from coverage. Doc. No. 32.

The parties have agreed that Defendants will pay Plaintiff's attorneys $4,000 in attorney's fees and costs. Plaintiff's counsel stated that she had incurred 18.8 hours on Plaintiff's case. The Court

finds that for a total of $4,000 in fees, minus estimated $500 in costs for filing and service of process, results in an hourly rate of $186. Defendants' counsel did not dispute the reasonableness of the fees and costs charged. The Court finds the amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case and are consistent with similar FLSA cases.

Settlement in the amount of $3,250 to Plaintiff for unpaid wages and liquidated damages, and $4,000 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 13, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy